IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT CLARK, et al., ) | |
| ) | |
| Plaintiffs ) | Civil Action No.: 02-CV-2848 |
| ) | |
| v. ) | |
| ) | |
| DRUG EMPORIUM, INC., ) | |
| ) | |
| Defendant. ) | |

## **DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, for its brief in support of its motion to dismiss this case as moot states as follows:

1. Plaintiffs in their complaint seek injunctive relief, attorney's fees and costs alleging that defendant violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181 et seq. at a place of public accommodation known as the Drug Emporium located at 9212 Frankford Avenue, Philadelphia, Pennsylvania 19114.

2. Specifically, plaintiffs allege in ¶15 of their complaint filed herein that defendant has discriminated and is discriminating against plaintiffs in violation of the ADA by failing to have accessible facilities as described in subparagraphs A through H of ¶15 of their complaint.

3. As appears from the affidavit of Leland Clark, Vice President of Real Estate for defendant, which affidavit is attached hereto as Exhibit A, the alleged violations listed in ¶15 of plaintiffs' complaint have all now been corrected, with the work

to correct the alleged violations being completed on September 18th, 2002 by PMCO, Inc. at a cost of $ 675.00.

    4.    With regard to mootness, the Third Circuit has held as follows:

> Article III of the Constitution provides that the "judicial power shall extend to … Cases… [and] to Controversies." U.S. Const. Art. III, §2.  This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of "actual, ongoing cases or controversies." (citation omitted)  The mootness doctrine is centrally concerned with the court's ability to grant effective relief: "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." (citation omitted)

<u>County of Morris v. Nationalist Movement</u>, 273 F.3d 527, 533 (3rd Cir. 2001).  In <u>A.P. Boyd, Inc. v. Newark Pub. Sch.</u>, 2002 U.S. App. LEXIS 16019 (3rd Cir. N.J. Aug. 7, 2002), a copy of which is attached hereto as Exhibit B, plaintiffs had filed suit against the Newark Public School District for maintaining a "set-aside" program for electrical and plumbing contracts for the Malcolm X Shabazz High School as well as for defendant's policy of race-based contracting.  During the course of the action the electrical and plumbing work on the Shabazz project had been awarded and for all intents and purposes, had been substantially completed.  Plaintiffs had sought only to vacate the contracts and enjoin the work.  The trial court determined that the lawsuit was moot.  In upholding the trial court's decision, the Third Circuit held as follows:

> A case is moot when it has lost its character as a present, live controversy of the kind that must exist to avoid advisory opinions on abstract opinions of law.  (citation omitted)

* * *

> [plaintiffs'] lawsuit is moot because they sought only injunctive or declaratory relief by voiding the contracts.  The work is substantially

2

>finished, a new study of minority participation is being conducted, and no MBE set-aside contracts will be awarded in the meantime.

*Id.* at \*7-8.

Plaintiffs in the current action state in the preamble to their complaint that they are "seeking injunctive relief, attorney's fees and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, et seq. ("ADA")." Further, in ¶20 of their complaint plaintiffs state that they "are without adequate remedy at law".

In A.P. Boyd, *supra*, a copy of which is attached hereto as Exhibit B, the Third Circuit found that plaintiff's complaint sought injunctive and declaratory relief, not compensatory damages, nominal or otherwise. *Id*. at \*5. Plaintiffs in Boyd argued that they "implicitly pled nominal damages when requesting 'such other relief as the court deemed just and proper.'". *Id*. at \*5-6. The Third Circuit found that plaintiff's were not entitled to nominal damages, relying upon Fox v. Bd. of Trustees of the State Univ. of N.Y., 42 F.3d 135, 141 (2nd Cir. 1994).

Based on the foregoing, defendant urges that this case is moot and should be dismissed with prejudice.

5.   As stated above, in addition to requesting injunctive relief requiring correction of all of the ADA violations alleged in ¶15 of their complaint, which violations have now been corrected as appears in the attached Exhibit A, plaintiffs, in ¶18 of their complaint contend that they are entitled to recover attorney's fees, costs and expenses from defendant pursuant to 42 U.S.C. §12205 and 28 C.F.R. 36.505, which statute and regulation provide that the court, in its discretion, may allow the prevailing party a reasonable attorney's fee, including litigation, expenses and costs. In Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct.

1835, 149 L.Ed. 2d 855 (2001), the Supreme Court in a case where plaintiffs sought attorney's fees under the ADA and the Fair Housing Amendments Act of 1988 ("FHAA"), resolving disagreement amongst the Courts of Appeal, held that the term "prevailing party" did not authorize federal courts to award attorney's fees to a plaintiff where plaintiff had achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct but plaintiff had not secured a judgment on the merits or a court-ordered consent decree.  532 U.S. at 604-06, 121 S.Ct. at 1840-41, 149 L.Ed.2d at 862-64.  Plaintiffs in Buckhannon had contended they were entitled to attorney's fees under the "catalyst theory", which holds that a plaintiff is a "prevailing party" if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct.  532 U.S. at 601, 121 S. Ct. at 1838, 149 L.Ed.2d at 861.  While recognizing that most Courts of Appeals recognize the "catalyst theory" the Supreme Court held that the "catalyst theory" is not a permissible basis for the award of attorney's fees under the FHAA 42 U.S.C. §3613(c)(2) and the ADA, 42 U.S.C. §12205.  532 U.S. at 610, 121 S.Ct. at 1843, 149 L.Ed.2d at 867.

In A.P. Boyd, *supra*, a copy of which decision is attached hereto as Exhibit B, the Third Circuit, citing Buckhannon, held as follows:

> For Appellants to be prevailing parties and thus entitled to attorneys' fees under 42 U.S.C. 1988(b), they must have either obtained a judgment on the merits or be a party to a settlement agreement that is expressly enforced by the court through a consent decree.  Neither has occurred here.

A.P. Boyd at *10-11.  The same is true in the present case, plaintiffs filed a lawsuit and now the alleged violations contained in ¶15 of plaintiffs' complaint have been corrected but plaintiff, failing to secure a judgment on the merits for a court ordered consent decree is not a "prevailing party".

4

6. In a telephone conversation, plaintiff's counsel advised one of the attorneys for defendant that he had caused an expert to prepare a report regarding the alleged violations. Since defendant's premises which are the subject of this lawsuit are a place of public accommodation, plaintiffs' expert was presumably able to gain access without any restrictions or obtaining advance consent from defendant. In any event, defendant will permit plaintiffs and/or their representative(s) to inspect its place of public accommodation which is the subject of this lawsuit to confirm that the alleged violations listed in ¶15 of plaintiffs' complaint have all now been corrected.

WHEREFORE, based on the foregoing, defendant requests that the court dismiss this action with prejudice as moot and that each party be held to be responsible for their own attorney's fees and costs.

Respectfully submitted,

ADELMAN LAVINE GOLD AND LEVIN,
A Professional Corporation

_____
William R. Hinchman (I.D. No. 60540)
1900 Two Penn Center Plaza
Philadelphia, PA  19102-1799
(215) 568-7515 – Telephone
(215) 557-7922 – Facsimile

*and*

DANIELS & KAPLAN, P.C.

_____
John D. Dunbar
Kelly S. Moothart
1102 Grand Boulevard
Fifteenth Floor
Kansas City, MO  64106
(816) 221-3000 – Telephone
(816) 221-3006 – Facsimile

ATTORNEYS FOR DEFENDANT
DRUG EMPORIUM, INC.